UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br>  Plaintiff,<br>v.<br>ROGER TUCKER,<br>  Defendant. | Case No. 4:16-cr-00230-JD-1<br><br>**ORDER RE EVIDENTIARY DISPUTES**<br>Re: Dkt. No. 62 |

At the pre-trial conference, the Court deferred ruling on the government's fourth motion in limine and the defendant's first motion in limine. Dkt. No. 56. Other disputes and concerns have been summarized by the parties at Dkt. No. 62.

The defendant's first motion in limine is now granted. The Court will not admit Mr. Tucker's prior convictions as impeachment evidence under Rule 609(a)(1)(B) because the prejudicial effect of those convictions outweighs their probative value. The government may, however, introduce evidence of defendant's prior convictions if the defendant opens the door by introducing potentially misleading testimony. *United States v. Osazuwa*, 564 F.3d 1169, 1175-76 (9th Cir. 2009). In addition, the government may request the Court's permission to impeach the defendant under Rule 608(b)(1) with other specific instances of past conduct.

At the parties' joint agreement, the Court orders the defense not to use the confidential source's previous convictions to impeach him. Dkt. No. 62 at 4.

The government's fourth motion in limine is denied. The defendant will not be required to make a pretrial proffer of an entrapment defense. If the defense does put on evidence of entrapment, the government may present evidence of the defendant's prior convictions to show predisposition. *United States v. Thomas*, 134 F.3d 975, 980 (9th Cir. 1998). After all evidence

has been presented, the Court will determine whether the defendant is entitled to entrapment instructions.

**IT IS SO ORDERED.**

Dated: October 5, 2017

JAMES DONATO
United States District Judge